UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARBRASUE BEATTIE and JAMES SOVIS,
on behalf of themselves and others
similarly situated,

                Plaintiffs,

                                      Case Number 02-10277-BC
v.                                    Honorable David M. Lawson

CENTURYTEL, INCORPORATED,

                Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY PROCEEDINGS

On March 10, 2006, the Court filed an opinion and order granting class certification in this matter brought by named plaintiffs BarbaraSue Beattie and Jim Sovis, who have filed their action against their telephone service provider under certain provisions of the Federal Telecommunications Act, 47 U.S.C. 201 *et seq.*, and regulations enacted thereunder, as well as various state law theories, challenging the practice used by the defendant for billing for inside wire maintenance insurance and for charging for such optional service when it was not ordered. Thereafter, the defendant filed a motion for permission to appeal under Federal Rule of Civil Procedure 23(f), which now has been granted by the United States Court of Appeals for the Sixth Circuit. The defendant then filed a renewed motion to stay proceedings, and the Court heard argument on the motion on June 19, 2006. The Court now finds that balancing the relevant factors does not favor a stay of proceedings, except with respect to certain class notification and identification provisions of the Court's previous opinion. Therefore, the Court will deny the motion to stay proceedings in part and grant it in part.

I.

The relevant facts are summarized in the Court's previous opinion. *See Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 163-65 (E.D. Mich. 2006).  The Court certified a class pursuant to Federal Rule of Civil Procedure 23(b)(3) described as follows:

> All persons who have paid CenturyTel, Inc. for charges for an inside wire maintenance insurance program described in CenturyTel's residential telephone bills as "Non-Regulated Services" during the period beginning October 29, 2000, or such earlier period if the charges were not known or reasonably could have been known by October 29, 2000; but excluding CenturyTel; its subsidiaries, affiliates, officers and directors; any entity in which CenturyTel has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded party.

The Court also appointed class counsel and set deadlines for identifying and notifying putative class members.

In its present motion, the defendant argues that this Court should stay the action in its entirety until the Sixth Circuit decides its appeal of the Court's decision granting class certification to the plaintiffs.  It contends that a stay of proceedings, especially discovery proceedings, is necessary because of the high costs associated with obtaining discovery information; it estimates that discovery will require between 300 to 800 work hours to make accessible raw data concerning its costumers who may have purchased the inside wire maintenance plan.  The defendant also asserts that because the Sixth Circuit has decided to review this Court's decision, it has raised substantial questions going to the merits of the appeal.  Without a stay, the defendant argues, irreparable injury will result because the high cost of discovery aggravates the possibility it will be forced to settle the matter.  The defendant believes the plaintiffs will not be prejudiced by a potentially short delay in discovery until the court of appeals issues its decision.  Finally, the defendant suggests the public interest would be served because a stay would promote judicial economy and avoid waste.

The plaintiffs argue against the stay because this matter has been pending since 2002 and further delay is contrary to the interests of justice. They insist that discovery must go forward for both technical and practical reasons. There are facts concerning the claim that must be developed regardless of the decision on class certification, including issues relating to state law claims; and the named plaintiffs need to learn the potential size of the class to form a judgment on the amount that could be at stake. The latter information has a practical impact on the extent of the resources the plaintiffs are willing to devote to this cause. The plaintiffs also assert that the order granting permission to appeal is a routine order commonly used by the Sixth Circuit and offers no insight on the merits of the appeal. They insist that stays are not routinely granted, especially in interlocutory appeals of cases that have much remaining to develop in the lower court.

## II.

Federal Rule of Civil Procedure 23(f) confers discretion upon courts to grant a stay of proceedings pending appeal of an order granting or denying class certification. The Rule states:

> (f) Appeals. A court of appeals may in its discretion permit an appeal from an order
> of a district court granting or denying class action certification under this rule if
> application is made to it within ten days after entry of the order. An appeal does not
> stay proceedings in the district court unless the district judge or the court of appeals
> so orders.

Although Rule 23(f) appears to give this Court power to stay proceedings, it does not specify the factors the Court should consider to determine whether a stay is appropriate. Most courts employ an analysis similar to that used in motions for preliminary injunction or stays pending appeals of final judgments. *See, e.g., In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002) (stating that "the Court believes that whether or not a stay should be granted in the context of a pending Rule 23(f) petition is a discretionary matter to be informed by a flexible

application of the well-established, four-factor balancing test employed to consider preliminary injunctive relief and other stays pending appeal in this Circuit – (1) whether there is a substantial likelihood that the movant will succeed on the merits of the claims/appeal; (2) whether the movant will suffer irreparable injury if an injunction/stay does not issue; (3) whether others will suffer harm if an injunction/stay is granted; and (4) whether the public interest will be furthered by an injunction/stay"); *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134 (2d Cir. 2001) (holding "that a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay"); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) (reasoning that "a stay would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting. (This is the same kind of question that a court asks when deciding whether to issue a preliminary injunction or a stay of an administrative decision")); *Daniels v. City of New York*, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001) (concluding that "[i]n deciding whether to grant a stay pending appeal, a court should consider: '(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected'") (internal citations omitted); *West Tenn. Assoc. Builders v. City of Memphis*, 138 F. Supp. 2d 1015, 1027 (W.D. Tenn. 2000) (applying the four-factor test).

The Sixth Circuit has not yet adopted criteria for stays under Rule 23(f).   The Court has not found authority, however, that would suggest that the traditional analysis for determining

preliminary injunctions or stays pending appeal would not also apply to motions to stay under Rule 23 in this circuit.

Under Sixth Circuit law, this Court must balance four factors when determining whether a stay pending appeal should issue: (1) the likelihood of the party's success on the merits of the claim/appeal; (2) whether the stay will save the party from irreparable injury; (3) the probability that granting the stay will substantially harm others; and (4) whether the public interest will be served by the stay. *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 552 (6th Cir. 2004) (stating the "factors to be considered in determining whether an order should be stayed are the same factors considered in determining whether to issue a temporary restraining order [or] a preliminary injunction"); *Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions,* 134 F.3d 749, 753 (6th Cir. 1998), *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir. 1997); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995) (noting that "the four factors are not prerequisites to be met, but rather must be balanced as part of a decision to grant or deny [a stay]"). The district court must make specific findings regarding each of the four factors, unless fewer factors are dispositive of the issue. *See Six Clinics Holding Corp.,* 119 F.3d at 399. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

The Sixth Circuit recently explained the likelihood of success on the merits in these terms:

> In applying this test, we balance the factors. The Appellant must demonstrate a likelihood of success on the merits to a degree inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue. "[I]n order to justify a stay of the district court's ruling, the [Appellant] must demonstrate at least serious

questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted."

*Family Trust Foundation of Kentucky, Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004). "A movant need not always establish a high probability of success on the merits," especially if the potential irreparable harm is quite severe. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991) (noting that "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay"). However, "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, serious questions going to the merits." *Ibid.* (internal quotes and citations omitted). The Court must consider all the factors.

### A. Likelihood of Success on the Merits of the Appeal

The defendant argues that the mere fact that the Sixth Circuit granted review of this Court's class-certification decision is evidence that there are at least serious questions going to the merits. The Sixth's Circuit's order granting leave to appeal, however, does not appear to express a clear view of the merits in this case. The court of appeals' formal order merely stated:

> In considering a Rule 23(f) petition, the court "eschew[s] any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor or against an interlocutory appeal." *In re Delta Airlines*, 310 F.3d at 959. However, the following factors support the acceptance of a Rule 23(f) interlocutory appeal: 1) if the class certification ruling is the death knell of the litigation; 2) if the appeal raises a novel or unsettled question; 3) if the petitioner has a likelihood of success on the merits of the appeal; and 4) if the posture of the case below supports an immediate appeal. *Id.*
>
> Upon consideration of these factors, we conclude that interlocutory review of the class certification order in this case is warranted.

*See* Dkt # 49, Order (May 2, 2006).  It is unclear from the order how the court of appeals formulated

its decision when balancing the four factors, although presumably the court factored in the likelihood

of success on the merits.  Further, the inquiry of whether to grant interlocutory appeal does not

parallel the consideration whether proceedings should be stayed.  Rule 23(f) specifically notes that

"[a]n appeal does not stay proceedings in the district court unless the district judge or the court of

appeals so orders."

Although this Court found the question of the application of the primary jurisdiction doctrine

a close call, the matter of class certification weighed heavily in favor of the plaintiffs; the Court does

not view the latter matter as one likely to be reversed on appeal.  Nonetheless, the defendant, without

identifying any portion of the opinion dealing with class certification with which it takes exception,

proceeds to state that substantial questions are present in this case because courts rarely grant

interlocutory appeals.  *See Sumitomo Copper Litig.*, 262 F.3d at 140 (noting "we anticipate that the

standards of Rule 23(f) [for interlocutory appeal of a grant or denial of class certification] will rarely

be met").

Reliance on that language from *Sumitomo*, however, is misplaced for two reasons.  First, the

Second Circuit employs a different standard than the Sixth Circuit for deciding whether an

interlocutory appeal is appropriate.  *See id.* at 139  (stating "[i]n line with our sister circuits, we hold

that petitioners seeking leave to appeal pursuant to Rule 23(f) must demonstrate either (1) that the

certification order will effectively terminate the litigation and there has been a substantial showing

that the district court's decision is questionable, or (2) that the certification order implicates a legal

question about which there is a compelling need for immediate resolution").  Second, the Second

Circuit did not find that an interlocutory appeal in *Sumitomo* was warranted and thus did not state

that a decision to grant interlocutory appeal was conclusive of the decision to stay proceedings.

At least one court has found that an appeal presents "substantial questions" when the

decision on interlocutory appeal will effectively terminate the litigation.  In *In re Lorazepam &*

*Clorazepate Antitrust Litig.*, the court reasoned:

> Respecting the merits of their appeal, Defendants point out that they have raised a
> dispositive issue before the Court of Appeals by arguing that direct purchasers lack
> standing in this case. That is, "[s]hould the D.C. Circuit hold that conferring antitrust
> standing in this case on ultimate consumers, rather than direct purchasers, would best
> preserve the federal antitrust policies that the Supreme Court articulated in *Illinois*
> *Brick Co. v. Illinois*, 431 U.S. 720 (1977), this case will be over." Such a decision
> would moot every deposition taken, motion argued, document produced, and
> interrogatory answered between now and then. Defendants also argue that even if
> direct purchasers have standing in this case, this Court should not have certified the
> proposed class "because as currently constituted, it creates a substantial risk of
> duplicative recoveries for the same alleged 'overcharge' as between first-level
> purchasers, such as wholesalers, that bought from Mylan, and second-level
> purchasers, such as hospitals, that did not." They believe that the resolution of these
> issues either will dispose of the case or at least greatly impact its proceedings and
> thus ask for a stay in order to conserve resources and to avoid expensive,
> burdensome discovery.
> . . .
> While this Court ultimately is uncertain where all of this leaves the Court of Appeals
> in reviewing the merits of the class certification decision, it acknowledges that partial
> reversal is possible and not insignificant. As Defendants have argued, if the Court
> of Appeals disagrees with this Court about the *Illinois Brick/*section 13(b) issue, this
> case will be over. Needless to say, any discovery and ongoing litigation before this
> Court conducted between now and then would be a waste of all parties' and the
> Court's resources.

*Id.* at 4-6.

Such is not the case here.  As the plaintiffs point out, a reversal by the court of appeals is not

likely to cause the case to terminate.  In fact, this Court still will be faced with the individual

plaintiffs' claims and the as-of-yet-unconsidered state law claims; and recovery will be permitted

based on the Court's decision that judgment on the pleadings is appropriate for count one of the

-8-

plaintiffs' complaint because the defendant "admitted sending bills to customers describing its WireWatch program as 'Non-Regulated Services,' and that description in a bill is an 'unjust and unreasonable' practice in violation of section 201(b) [of the Federal Telecommunications Act] as a matter of law." *Beattie*, 234 F.R.D. at 171-72.  Ultimately, it does not appear that the same type of potentially case-terminating issues are present in this case as they were in *Lorazepam,* and this case would continue in this Court in some form regardless of whether the court of appeals overturns the grant of class certification, which itself is far from clear under the circumstances.

The defendant argues that if the class certification is overturned, this case will undergo radical transformation.  It admits that the plaintiffs will still be permitted to pursue their individual claims, but states that discovery costs will be negligible compared to a class action. To the extent that the costs of discovery form the basis of an irreparable injury claim, then the Court likely should balance the likelihood of success to a degree inversely proportional to that injury. *See Family Trust Foundation*, 388 F.3d at 227.  In the end, however, it appears that an entire stay of proceedings is not appropriate.  There is no cause to prevent the plaintiffs from conducting discovery on that portion of the case that would likely survive *any* decision of the Sixth Circuit on interlocutory appeal.  Only the portion of the Court's order setting notification deadlines should be stayed.

## B.  Irreparable Injury

The injury in this case likely to inure to the defendant is the cost of discovery as it relates to the claims of the class.  As noted above, the defendant estimates it will take between 300 and 800 hours to make accessible raw data with respect to customers that purchased the inside wire maintenance plan.  Further, if the discovery goes forward with respect to other time periods involved in the case, then the defendant claims it cannot begin to estimate the costs.  The defendant alleges

that the raw data must be decoded using proprietary software, a prospect which the defendant claims also will increase costs.  *See* Def.'s Renewed Mot. Stay Ex. 1, Garret decl.

Some courts have suggested that costs of litigation such as discovery do not constitute irreparable injury.  In *Daniels v. City of New York*, 138 F. Supp. 2d 562 (S.D.N.Y 2001), the court considered the defendant's argument "that producing the unredacted UF-250 database would constitute a significant waste of time and resources if the class certification order is reversed on appeal." *Id.* at 564. The court summarily rejected that argument, stating that "litigation costs do not rise to the level of irreparable injury." *Ibid.* (citing *Hammerman v. Peacock*, 623 F.Supp. 719, 721 (D.D.C. 1985)); *see also Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) (reasoning that "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough").

The court in *Lorazepam* made a similar observation, but reasoned that even assuming that discovery costs could amount to irreparable injury, that injury was inconclusive because the court of appeals likely would decide the appeal within a matter of months.

> The balance of harms favors neither side in this case.  Given that the parties argued the case on March 12, 2002, a decision from the Court of Appeals can be expected in the very near future, likely in a couple of months.  Defendants do not claim any cognizable prejudice from having to proceed with discovery; litigation expenses alone do not necessarily qualify as irreparable harm. *Cf., e.g., Wisconsin Gas*, 758 F.2d at 674.  Class Plaintiffs contend that a delay in discovery itself constitutes substantial harm.  This may be true as a general matter, but any inherent harm stemming from an approximately two-month stay, when juxtaposed to the potential magnitude of a decision by the Court of Appeals on the issues before it, is simply *de minimis*, especially in light of the fact that the parties recently stipulated to a similar stay in conjunction with their settlement efforts.

*Lorazepam*, 208 F.3d at 6.

In *Alliance to End Repression v. Rochford*, 75 F.R.D. 441 (D. Ill. 1977), the court stayed

discovery with respect to class questions pending the outcome of an interlocutory appeal, but not

discovery on non-related claims.  The defendants in that case raised an argument that certain

discovery would be burdensome to produce.  The court rejected the undue burden argument,

reasoning:

> Defendants finally object to certain discovery on the grounds that production of such information would be unduly burdensome. That motion primarily seeks to withhold from discovery materials which would be difficult to produce because these materials are not stored in an organized filing system. Defendants' objection is totally without merit. This Court agrees with the reasoning of the district court in *Kozlowski v. Sears, Roebuck and Company*, 73 F.R.D. 73 (1976):

> To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of discovery rules. (*Id*. at 76.)

> Accordingly, Federal defendants' objection to discovery on grounds of undue burden is overruled.

*Id.* at 447.

The defendant argues that *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856 (S.D.

Ohio 2005), supports a stay of discovery because of the potential for substantial costs.  However,

in *Gionis*, contrary to the assertions of the defendant, the court's stay decision did not focus on an

order certifying a class, but rather assessed whether a stay was appropriate following its decision

to certify a question of liability under Fair Debt Collections Practices Act for interlocutory appeal,

which acknowledged the substantiality of the question presented on appeal:

> The Court also finds that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. This Court has already determined that Defendant is liable for violations of two provisions of the FDCPA. With liability already established, the next step in the district court litigation is to determine whether class certification is warranted. As Defendant notes, the costs associated with related discovery and class notification and administration are substantial.

> Before the parties and the Court invest time and resources to the class certification issue, it makes sense, at this juncture, for the Sixth Circuit to have the opportunity to decide whether Defendant did, in fact, violate the FDCPA.
>
> In a separate motion, Defendant urges the Court to stay all proceedings pending the outcome of the appeal. For the same reasons set forth above, the Court grants Defendant's motion to stay, and vacates the deadline for Plaintiff to file her motion for class certification.

*Id.* at 873. *Gionis* offers limited support for the defendant's cost argument.

There is a second aspect of the defendant's argument of irreparable injury: it contends that if a stay is not granted, the Court essentially will force the defendant's hand into settlement instead of allowing a decision on the merits of the class certification decision. This argument appears to be part of the "death knell" factor articulated by courts of appeals when deciding whether to grant interlocutory appeal in class actions cases. *See Sumitomo Copper Litig.*, 262 F.3d at 140 (reasoning that "class certification will effectively terminate the litigation because it will force [the defendant] to settle the case rather than risk trial"). The argument is misplaced, however, because the Sixth Circuit already has granted leave to appeal. The Sixth Circuit *will* determine the merits of the decision to certify the class. The defendant will not be exposed to any new liability absent a stay while that determination is reviewed on appeal. The concern that the defendant will be forced into settlement is obviated by the court of appeals' decision to review the class-certification question on an interlocutory basis.

### C.  Harm to Others

The defendant argues that there is no harm to the plaintiffs in staying discovery based on the *Lorazepam* court's reasoning:

> Class Plaintiffs contend that a delay in discovery itself constitutes substantial harm. This may be true as a general matter, but any inherent harm stemming from an approximately two-month stay, when juxtaposed to the potential magnitude of a

-12-

decision by the Court of Appeals on the issues before it, is simply *de minimis*, especially in light of the fact that the parties recently stipulated to a similar stay in conjunction with their settlement efforts.

*Lorazepam*, 208 F.R.D. at 6. However, as noted, this case presents differently than *Lorazepam*. Litigation in this case will proceed even if the court of appeals reverses this Court's class certification decision. Moreover, the class-certification question already had been argued to the Second Circuit in *Lorazepam* when the stay motion was decided; the parties simply were awaiting a decision. The Sixth Circuit has agreed to hear this case, but it is unclear when the court of appeals will issue an opinion.

The plaintiffs have a valid argument that the case will survive a court of appeal's decision. Moreover, discovery as to the extent of the potential class will reveal to the parties the stakes of the litigation and inform their decision as the extent of the resources they should devote to prosecuting or defending the claims. In that respect, a stay may doubly retard the ultimate termination of the litigation and discourage settlement, to the detriment of both the plaintiffs and the defendant. Ultimately, it appears that this factor is neutral or weighs in favor of the plaintiffs.

### D.  The Public Interest

The defendant suggests  that the public interest is best served by a stay of discovery in this case in order to promote judicial economy and avoid waste. However, the plaintiffs likely have an equal argument that the public interest favors allowing the case to proceed. The plaintiffs seek to hold a company accountable for deceptive billing practices. This Court has found as a matter of law that certain practices of the defendant violated the Federal Telecommunications Act. Further, the case will proceed in some form even if the Court is reversed on appeal. Although the defendant may

have to bear the cost of some discovery before the court of appeals issues a decision, it is not clear

that the public interest is threatened such that a stay of all discovery is necessary.

III.

It does not appear to the Court that there are substantial questions going to the merits of the

class-certification question such that further proceedings should be stayed.   The plaintiffs

acknowledge that it is practical to suspend activity such as identifying the names and addresses of,

and providing notice to, the members of the class.  However, ascertaining the size of the potential

class, motion practice, and discovery related to the plaintiffs' state law and equitable claims ought

not be forestalled.  The defendant's argument that the high cost of continued discovery favors a stay

finds little support in the case law, and its argument that absent a stay this Court will force

settlement rather than a decision on the merits is misplaced in light of the Sixth Circuit's decision

to review the grant of class certification.  The potential harm to the plaintiffs and others if a stay is

granted likely is neutral if the court of appeals acts in a timely fashion, and it weighs in favor of the

plaintiffs if the appeal is at all protracted.  Otherwise, this factor favors the plaintiffs in that certain

discovery is necessary regardless of the court of appeals' ultimate disposition.  Finally, the public

interest favors allowing the case to proceed in light of this Court's finding that some illegal activity

has occurred as a mater of law.

Accordingly, it is **ORDERED** that the defendant's motion for stay of proceedings [dkt # 53]

is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the provisions of this Court's order of March 10, 2006

pertaining to notification of the potential class members are **STAYED**.

It is further **ORDERED** that discovery relating to identifying the names and addresses of the members of the class is **STAYED**.

It is further **ORDERED** that the motion for stay of proceedings is **DENIED** in all other respects.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 20, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 20, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS