UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARBRASUE BEATTIE and JAMES SOVIS,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,                                   CASE NO: 02-10277

vs.                                           DISTRICT JUDGE DAVID M. LAWSON
                                                 MAGISTRATE JUDGE CHARLES E. BINDER

CENTURYTEL, INC.,

    Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION TO IMPOSE SANCTIONS

> This order is entered under the authority given to this Magistrate
> Judge by an Order of Reference issued by District Judge Lawson
> pursuant to 28 U.S.C. § 636(b)(1)(A).

Pending pursuant to an order of reference of from United States District Judge David Lawson is the above entitled motion. (Dkt. 94.) Plaintiff of alleges that the since the last hearing on discovery related matters Defendant has engaged in a pattern of deliberate of obstruction and knowing failures to comply with the Court's previous directives.

In two orders Judge Lawson has made clear his determination that discovery should go forward in this case. (Dkts. 12, 59.) Most recently, in June 2006, he stated that " is not clear that the public interest is threatened such that a stay of all discovery is necessary." (Dkt. 59 at 14.) At a later point in the same opinion, he states: "Finally, public interest favors allowing the case to proceed in light of this Court's finding that some illegal activity has occurred as a matter of law." (*Id.*) The only limitation set by Judge Lawson on discovery in his earlier orders is that discovery not proceed relating to identifying the names and addresses of potential class members. In all other respects I read Judge Lawson's orders as directing that discovery proceed.

On September 28, 2006, I issued an Order granting in part and denying in part Defendant's second motion to compel production of documents. (Dkt. 76.) That Order made specific findings relating to disputed document requests and directed the production of various documents covering a period between January 1, 1995 and June 30, 2002. That Order required compliance on or before November 22, 2006.

Plaintiff now seeks relief under rule 37(B)(2)(B) which states that: "If a party... fails to obey an order to provide or permit discovery. . . the court . . . may make such orders . . . as are just, and among others . . . : (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence[.]" The Supreme Court has affirmed the inherent power of a district court to sanction the bad-faith conduct of a party or their attorneys. *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). I note in addition that the sanction sought by Plaintiff is not the most serious of the sanctions available under Rule 37.

While this is admittedly complex litigation, from my review of the pleadings and informed by oral argument, I conclude that within the meaning of Rule 37(b)(2)(B), the Defendant has failed to obey my previous discovery order in a number of respects, over and above the two instances which were candidly admitted by Defendant's counsel during oral argument. In an attempt to justify its failures to comply, counsel for Defendant presented at some length arguments relating to computerized data access and invitations to counsel for Plaintiff to inspect the data. Again, while these are admittedly not simple matters, I am forced to conclude that Defendant's position is rather disingenuous, as it is the Defendant who has complete control over its data and has thus far not yet provided Plaintiff with either most of the date, or a meaningful ability to sort or compile that data on its own.

Accordingly, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant shall have 120 days to file any supplements deemed appropriate to the Plaintiffs Second Set of Interrogatories and Plaintiffs First and Third Set of Requests to

Produce, including document requests 4, 5, 11, 15, 16, 19, 20, 24, 10 and 18. After that period, pursuant to Rule 37 (b)(2)(B), the Defendant shall be prohibited from offering any material not produced as evidence in support its defenses. As to Plaintiff's request for costs, so as not to inflame the professional working relationship between counsel, which is to their credit, this request will be denied. These findings neither express nor imply any findings or rulings on the underlying substantive class definition issues presently between the parties.

Because these rulings are not dispositive of any claims, the entry of an order is appropriate under 28 U.S.C. §636(b)(1)(A).

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

|  |  |
|---|---|
| Dated: June 29, 2007 | s/ *Charles E Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Patrick Cafferty, Jennifer Frye, David Houston, Scott Knapp, Elwood Simon, Michael Vartanian and John Zuccarini, and served on District Judge Lawson in the traditional manner.

|  |  |
|---|---|
| Date: June 29, 2007 | By    s/Jean L. Broucek<br>Case Manager to Magistrate Judge Binder |