UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRASUE BEATTIE and
JAMES SOVIS, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,                    CASE NO:  02-CV-10277

*v*.                              DISTRICT JUDGE DAVID M. LAWSON
                                  MAGISTRATE JUDGE CHARLES E. BINDER

CENTURYTEL, INC.,

    Defendant.
_____/

**ORDER ON MOTION FOR IMPOSITION OF SANCTIONS
AGAINST DEFENDANT AND THIRD MOTION TO COMPEL DISCOVERY**
(Doc. 157)

This order is entered under the authority given to this Magistrate Judge in an Order of Reference issued by U.S. District Judge David M. Lawson pursuant to 28 U.S.C. § 636(b)(1)(A).

In this motion, Plaintiffs seek what can be labeled as alternative relief, praying under Rule 37 of the Federal Rules of Civil Procedure for sanctions in the form of a default judgment on Count I and an order precluding Defendant from offering further evidence on any of the six topics described in a Rule 30(b)(6) deposition notice.  Plaintiffs also seek costs for these depositions and an order compelling "full and complete" answers to all questions not answered during the Rule 30(b)(6) depositions.

Defendant vigorously opposes the motion.  (Doc. 165).  Plaintiffs filed a reply (Doc. 173) and the parties have filed voluminous exhibits.  (Doc. 166, 168.)  Lengthy oral argument was heard on March 31, 2009, along with the presentation of additional exhibits.

The events leading to these motions began in late May 2008 when I issued an order granting in part a motion by Defendant for a protective order that laid out a process for undertaking Rule 30(b)(6) depositions of representatives of Defendant.  In early September 2008, Plaintiffs prepared a Rule 30(b)(6)

deposition notice (Doc. 165 at Ex. 1) that sought testimony in six subject areas. A series of depositions were taken at Defendant's corporate offices in late October 2008. (Doc. 157 at Exs. E-K.)

It is clear that the depositions did not go smoothly for either party. Plaintiffs complain bitterly that witnesses failed to answer numerous questions in multiple subject areas which Defendant represented they were qualified to answer, and that these witnesses conceded during their depositions that they spent little time preparing. Defendant complains with equal bitterness that the scope of Plaintiff's questions exceeded any reasonable understanding of the original subject areas. Defendant argues that, since this discovery was taking place at Defendant's corporate headquarters, when witnesses were unable to answer they endeavored to produce other knowledgeable deponents, many of whom had already been noticed for other subject areas. Plaintiff maintains that these additional deponents were equally unresponsive, and states that this method of presentation shredded their ability to ask probing questions, and minimized Plaintiff counsels' ability to obtain meaningful understanding of the subject areas of inquiry. Defendant also cites instances when witnesses identified documents previously unknown to any counsel. Defendant points to privilege and work product issues raised during the depositions, as well as an offer for Plaintiff to inspect corporate documents, an offer that Plaintiffs' counsel declined.[1]

Plaintiff strenuously asserts that they have repeatedly asked for certain classes of documents that have never been provided. Defendant reiterates its offer for document inspection, and maintains that in a number of areas it has produced all it has, is not sure it keeps the documents in the fashion described by Plaintiff, and is not sure if such documents exist. Plaintiff asserts that questioning at the depositions revealed that some documents it did receive were not complete. As to Plaintiff's request for dispositive sanctions, Defendant argues that the Court has not given the notice contemplated by under Rule 37(b).

---

[1] I note that in my May 2008 order, I made clear that I would endeavor to make myself available by telephone to assist in the resolution of any dispute that might arise during these depositions. Neither party took advantage of this invitation. Had they done so, the prompt resolution of privilege and other issues during the depositions could potentially have obviated substantial portions of the parties' current disputes.

As noted, Plaintiff seeks the sanctions of default judgment, or alternatively, what amounts to "issue preclusion" as to certain issues and classes of evidence. Rule 37(b)(2)(C) authorizes a court to go so far as to dismiss a complaint or render a default judgment against a disobedient party. A court may also preclude the admission of evidence and deem facts admitted under Rule 37(b)(2)(A). This circuit has recognized, however, "that a court's decision to deem certain facts established may equate to a default judgment in some circumstances." *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993). *See also Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997) (stating that a sanction precluding certain expert testimony was tantamount to dismissal of the case, and thus reviewing the sanction as one resulting in dismissal).

*Freeland* teaches that "[t]he use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland*, 103 F.3d at 1277 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)). However, "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988) (quoting *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)). The Sixth Circuit uses a four factor test when reviewing a decision by a district court to impose sanctions under Rule 37. The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. The second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery. The third factor is whether the party was warned that failure to cooperate could lead to the sanction. And the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered. *Freeland*, 103 F.3d at 1277 (citing *Regional Refuse Systems*, 842 F.2d at 154-55).

After review and consideration of the matters before me under this four factor test, I note that with regard to the first factor, Plaintiffs' efforts have been complicated by Defendant's corporate organization

3

and the fact that during the period at issue, it acquired numerous smaller companies, none of which appear to have had a common internal organization. On the other hand, Defendant's efforts have been complicated by the fact that Plaintiffs' discovery requests are not consistently phrased in a fashion readily understandable by the employees of Defendant who are responsible for discovery. I therefore conclude that while Defendant cannot be said to have wholeheartedly cooperated in discovery, review of the depositions along with Defendant's attempts to supply information leads me to the conclusion that Defendant cannot be said to have engaged in the deliberate obstruction of discovery sufficient to justify the imposition of the most severe sanctions contemplated by Rule 37. As to the second factor, it is likely that Plaintiff has suffered prejudice, but discovery is not yet closed. As to the third and fourth factors, while lesser sanctions were previously imposed (Doc. 110), none of my previous discovery orders (Doc. 76, 110, 125) contained an explicit warning that lack of cooperation will result in the imposition of case-dispositive sanctions.

These factors therefore do not clearly support case-dispositive sanctions. The task is thus to craft a structure that encourages the discovery necessary to the prompt resolution of the disputes between the parties. As I have stated before, his is an admittedly complex case. While the scope of relevant discovery is limited to a finite period, there is nonetheless an enormous amount of relevant information through which the parties must sift. The daunting task facing all counsel is well illustrated by the so-called "Big Chart" introduced during oral argument. In addition, as I consider the arguments of counsel, while outwardly courteous to each other, I am concerned about an increasing breakdown between them at a fundamental level, which could in practice impede the progress all parties say they desire.

Therefore, as to the Plaintiffs' request that Defendant be compelled to provide additional discovery material, it is obvious that extensive discovery has already been exchanged. It is equally clear that additional discovery will involve the consideration of privilege issues neither party has explicitly raised, and which I believe are best raised in the context of its own motion practice. As to the imposition of costs,

I conclude that the award of the substantial amounts sought by Plaintiff could so poison the relationship between counsel as to obstruct further discovery.

For all these reasons, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. In addition, **IT IS RECOMMENDED** that the Court set a schedule for the completion of discovery on those issues which can be adjudicated first.

**IT IS FURTHER RECOMMENDED** that the Court consider issuing an order of reference for the scheduling of discovery matters and the resolution of discovery-related issues consistent with the overall schedule set by the Court.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                                        s/ Charles E. Binder
                                      CHARLES E. BINDER
Dated: April 20, 2009                     United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Patrick Cafferty, Joseph Fink, Matthew Heffner, David Houston, Scott Knapp, Elwood Simon and John Zuccarini; and served on District Judge Lawson in the traditional manner.

Date: April 20, 2009                  By     s/Jean L. Broucek
                                                   Case Manager to Magistrate Judge Binder