UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRASUE BEATTIE and JAMES SOVIS,
on behalf of themselves and others
similarly situated,

                  Plaintiffs,

v.

CENTURYTEL, INCORPORATED,

                  Defendant.
_____/

Case Number 02-10277
Honorable David M. Lawson
Magistrate Judge Charles E. Binder

**ORDER DENYING DEFENDANT'S CROSS MOTION FOR PROTECTIVE ORDER, DEFENDANT'S MOTION FOR RECONSIDERATION, GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER IN CONNECTION WITH PLAINTIFFS' THIRD SET OF INTERROGATORIES AND FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, AND PLAINTIFFS' NOTICE OF VIDEOTAPE DEPOSITION OF CENTURYTEL, INC. AND JAY GARRETT, AND GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER IN CONNECTION WITH PLAINTIFFS' AMENDED NOTICE OF VIDEOTAPE DEPOSITION OF CENTURYTEL, INC.**

      This matter is before the Court on four of the defendant's discovery motions: a motion for protective order dealing with the modification of the stay [dkt. # 203], a motion for reconsideration relating to the Court's order lifting stay [dkt. # 209], a motion for protective order dealing with the plaintiffs' third set of interrogatories, fourth set of requests for production of documents, and the plaintiffs' notice of videotape deposition of CenturyTel, Inc. and of Jay Garrett [dkt. # 210], and a motion for protective order in connection with the plaintiffs' amended notice of a videotape deposition of CenturyTel, Inc., John Strangel, and Jay Garrett [dkt. # 214].  On September 16, 2009, the Court held a hearing on these motions, and ruled on most of the defendants' motions on the record.

The Court took under advisement the part of the defendant's motion for protective order dealing with the applicability of the attorney-client privilege to the plaintiffs' request for disclosure of the documents used to prepare for a deposition under Federal Rule of Civil Procedure 30(b)(6). That part of the motion questioned whether the plaintiffs' Rule 30(b)(6) request for production of documents selected by the defendant's counsel to prepare the defendant's employee for the deposition implicates the work-product privilege. Although there is some authority supporting the defendant's argument that counsel's selection of such materials is itself protected by the work-product doctrine, *see Sporck v. Peil*, 759 F.2d 312, 316-17 (3d Cir. 1985); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997), the circumstances and nature of the plaintiff's request, properly viewed, do not implicate the privilege or intrude on defense counsel's thought processes.

According to the parties, the Rule 30(b)(6) deposition of one or more of the defendant's corporate representatives was to take place at a location remote from the law offices of both plaintiffs' and defendant's attorneys. The actual request for production called for the witness to bring preparation documents to the deposition location. It did not call for turning over the documents to the plaintiffs' attorney. The point of that request, apparently, was that if resort to the document was needed, the document would be available and adjourning the deposition to another date – necessitating additional travel, scheduling, and attendant expenses – could be avoided.

It has been recognized that if a witness uses a document to refresh recollection, the existence of a privilege will not protect against the disclosure required under Federal Rule of Evidence 612. *See Ehrlich v. Howe*, 848 F. Supp. 482, 493 (S.D.N.Y. 1994) (noting that "when confronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and

the protection provided by the attorney-client privilege . . . the weight of authority holds that the privilege . . . is waived") (quoting *S & A Painting Co. v. O.W.B. Corp.*, 103 F.R.D. 407, 408 (W.D. Pa. 1984)). Under Rule 612, when the witness's resort to the document occurs before testifying, a production order by the court is subject to its "discretion [once it] determines it is necessary in the interest of justice." Fed. R. Evid. 612(2). And a party is not precluded from asserting a privilege at that point. *See* Advsry. Comm. Notes. Fed. R. Evid 612 (stating that "nothing in the Rule [should] be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory"). "In applying Rule 612 [under those circumstances], courts must balance the tension between the disclosure needed for effective cross-examination and the protection against disclosure afforded by any relevant privilege." *Suss v. MSX Int'l Eng'g Servs., Inc.*, 212 F.R.D. 159, 163 (S.D.N.Y. 2002). That balance, however, cannot be struck effectively in the abstract.

If a deposition witness does not rely on a document to refresh memory, Rule 612 does not come into play. If the witness does rely on a document, the fact that the corporation's attorney culled it from the large inventory of documents in this case would not necessarily result in an intrusion on the mental impression of the lawyer. Before it evaluates the defendant's potential claim of privilege, the Court must find "a real, rather than speculative, concern that the thought processes of [the defendant's] counsel in relation to pending or anticipated litigation would be exposed" by producing these materials under Rule 30(b)(6). *See Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676, 680 (2d Cir. 1987). In the meantime, it is sensible to require the defendant and its Rule 30(b)(6) representative(s) to bring with them to the deposition site copies of the "all documents used to prepare for the deposition."

The Court believes that a contest between Rule 612 and a claim of privilege will not be ripe for judicial resolution until a witness states that he did rely on materials to refresh memory, and the defendant is able then to make a colorable claim that the fact of turning over the document implicates a privilege. *See Sporck*, 759 F.2d at 317 (requiring that "1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice" as a prerequisite to addressing potential conflict between Fed. R. Evid. 612 and Fed. R. Civ. P. 26(b)(3)).

Accordingly, it is **ORDERED** that the defendant's motion for protective order dealing with the modification of the stay [dkt. # 203], and the defendant's motion for reconsideration relating to the Court's order lifting stay [dkt. # 209] are **DENIED as moot** for the reasons stated on the record.

It is further **ORDERED** that the defendant's motion for protective order dealing with the plaintiffs' third set of interrogatories and fourth set of requests for production of documents, and the plaintiffs' notice of videotape deposition of CenturyTel, Inc. and of Jay Garrett [dkt. # 210] is **GRANTED in part and DENIED in part**. It is **ORDERED** as follows:

(a) the defendant must provide discovery going from January 1, 1995 forward;

(b) the defendant's motion for a protective order prohibiting discovery related to the use of the description "Other Charges" to bill for programs other than IWMS is **DENIED as moot**;

(c) the defendant must provide discovery with respect to whether any of the defendant's T-Cos used the billing descriptions "Non-Regulated Services" or "Other Charges" to charge for the Wire Watch Inside Maintenance programs, including the amount of any such charges and of the related taxes;

(d) the defendant shall disclose to the plaintiffs the tax rates that applied to charges billed by the defendant for the Wire Watch Inside Maintenance program;

(e) the defendant shall respond to the plaintiffs' requests for discovery related to CenturyTel's public 10-K disclosures and, if it asserts privilege, it must produce the privilege log describing documents or categories of documents that it asserts to be privileged;

(f) the defendant shall bring to the deposition (a) documents supporting the witness's testimony, and (b) documents used to prepare for the deposition. To the extent the defendant wishes to assert work-product privilege, it must do so individually with respect to each document requested at the deposition.

It is further **ORDERED** that the defendant's motion for protective order in connection with the plaintiffs' amended notice of a videotape deposition of CenturyTel, Inc., John Strangel, and Jay Garrett [dkt. # 214] is **GRANTED in part and DENIED in part**. The defendant must produce John Stangel for the second deposition at the time and place designated in the deposition notice to answer the plaintiffs' questions about the authenticity of documents produced by the defendant. However, the plaintiffs may not ask John Stangel any questions that they asked him during his previous deposition.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: December 7, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 7, 2009.

s/Teresa Scott-Feijoo  
TERESA SCOTT-FEIJOO