UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRASUE BEATTIE and JAMES SOVIS,
on behalf of themselves and others
similarly situated,

                Plaintiffs,

v.

CENTURYTEL, INCORPORATED,

                Defendant.

_____/

Case Number 02-10277
Honorable David M. Lawson
Magistrate Judge Charles E. Binder

## ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON MOTION FOR IMPOSITION OF SANCTIONS AND THIRD MOTION TO COMPEL DISCOVERY

Alleging a continuous pattern of discovery abuses culminating in the defendant's failure to produce adequately-prepared witnesses in response to a deposition notice under Federal Rule of Civil Procedure 30(b)(6), the plaintiffs filed a motion for sanctions and to compel discovery. The Court referred the motion to Magistrate Judge Charles E. Binder, who conducted a hearing and entered an order denying the motion. Judge Binder reasoned that the defendant's conduct was not so egregious as to warrant case-dispositive sanctions, and he feared that an award of lesser sanctions – such as costs and attorney's fees – would "so poison the relationship between counsel as to obstruct further discovery." Order [dkt #176] at 5. The plaintiffs filed timely objections to the order. After review, the Court concludes that the magistrate judge did not clearly err in refusing to award case-dispositive sanctions. However, his refusal to impose lesser sanction in the alternative was clearly erroneous.

I.

The facts of the case and procedural history are well known to the parties.  The Court certified a class of individuals who claim that they received telephone bills that failed to describe adequately charges for an inside wire maintenance service sold by the defendant but not ordered by the plaintiffs.  The Court found that this practice violated the Communications Act, 47 U.S.C. §§ 201(b), 206, 207 and the Federal Communication Commission's (FCC) truth-in-billing regulations, 12 C.F.R. § 64.2401, and the Court granted summary judgment to the plaintiffs on liability. Following a prolonged round of appeals, the parties have engaged in discovery on damages and the remaining liability issues.  According to the plaintiffs, their dealings with the defendant on discovery has been laced with difficulty and broken promises.

On March 11, 2003, the plaintiffs filed their first motion to compel production of documents from the defendant.  Dkt. #5.  The plaintiffs described a long series of events, which they believed to be a product of the defendant's gamesmanship, beginning with the defendant's counsel requesting a forty-five day extension of time to respond to the complaint, which the plaintiffs' counsel granted as long as discovery would "proceed as usual."  *Id.* at 2.  When the first extension expired, defense counsel requested a second forty-five-day extension to which the plaintiffs' counsel agreed once again after a discussion about the timing of the parties' initial disclosures and the anticipated scope of discovery.  Approximately twenty days after the plaintiffs served their first set of discovery requests on the defendant, defense counsel requested another twenty-day extension of time to respond to the complaint.  After receiving assurance that the defendant was preparing a discovery response, the plaintiffs agreed to a final ten-day extension for the defendant to respond to the complaint.  As the deadline for a response to the plaintiffs' document requests passed, defense

counsel represented that "the first wave of documents" was ready, pending a review for possible claims of privilege, which would take until the "end of next week." *Ibid.* Finally, the defendant changed course and stated that it no longer planned on producing the documents as agreed but, instead, was going to file a motion to stay all discovery pending a ruling on its motion to dismiss. The Court denied the plaintiffs' subsequently-filed motion to compel discovery, yet stated "that the plaintiffs' written discovery remains outstanding and shall be answered in due course following a resolution of the class certification issue." Dkt. #12 at 2.

After the Court granted the plaintiffs' motion to certify the class, the plaintiffs filed a second motion to compel production of documents in response to their first set of document requests. Dkt. #67. The plaintiffs explained that the defendant served its written responses to the plaintiffs' requests, but, notwithstanding the Court's order that all of the plaintiffs' document requests "shall be answered," the defendant still refused to answer several requests and belatedly asserted various objections to those requests. *Id.* at 9. The plaintiffs claimed that the defendant "ha[d] yet to produce a single document to [the plaintiffs] since the court certified the class and denied, in large part, [the defendant's] renewed motion to stay discovery." *Ibid.* The plaintiffs further argued that the defendant was simply paying "lip service to its discovery obligations under the Federal Rules of Civil Procedure, repeatedly promising to produce materials to [the plaintiffs], then reneging on those promises and/or offering excuses as to why the materials could not be produced in a timely fashion." *Id.* at 10. In response, the defendant argued that its delay in providing responses to the document requests was a result of the "voluminous documentation dating back to the mid-1990's" that the plaintiffs are seeking. Dkt. #74 at 1. The defendant also explained that it delegated the task of producing responses to the plaintiffs' document requests to a "discovery team" that had already been

working for "several weeks." *Id.* at 3.  On September 28, 2006, Judge Binder granted the plaintiffs'

motion to compel discovery in part and denied the motion in part, ordering the defendant to produce

various documents in response to the plaintiffs' requests by November 22, 2006.  Dkt. #76 at 3.

On May 3, 2007, the plaintiffs filed a motion for sanctions against the defendant for failure

to comply with Judge Binder's discovery order.  Dkt. # 94.  The plaintiffs asked the Court to direct

the defendant to produce all materials not yet produced that were responsive to their outstanding

discovery requests, preclude the defendant from proffering any such material not yet produced as

evidence in support of any of their defenses, compel the defendant to fully respond to the plaintiffs'

second set of interrogatories and third set of document requests, award the plaintiffs their fees and

costs in bringing the motion for sanctions, and warn the defendant that further failures to comply

with discovery will result in more severe sanctions.  The plaintiffs described once again what they

believe to be the defendant's gamesmanship, beginning with the defendant's counsel asking the

plaintiffs for a one-week extension to make its required document production one day before the

November 22, 2006 deadline to comply with the order to produce.  The plaintiffs agreed to the

extension, only to be asked again for more time the following week.  When the defendant finally

provided a response to the document requests on December 1, 2006, it only provided a small number

of documents with a letter indicating that "additional documents will follow over the next few days."

*Ibid.*  The plaintiffs received more documents on December 4, 2006, January 9, 2007, and March

13, 2007.  The plaintiffs noted that not only did the defendant not comply with Judge Binder's order,

but they also did not know whether the defendant had completed its production of documents or if

more were forthcoming.  Furthermore, the plaintiffs complained about the documents that were

actually produced in that they were only enough to fill four boxes when the case deals with the

billing of hundreds of thousands of customers in over twenty states.  In response to the defendant's assertion that information about computer billing codes used to identify and determine the descriptions and charges that appear on customer bills "cannot be compiled without significant expenditure of time, if at all," *id.* at 15, the plaintiffs argued that "[i]t strains credulity to suggest that a public company the size of [the defendant] – which is required to make public filings regarding its revenues – does not have such data centrally located or readily accessible, or that this data is too burdensome to produce." *Id.* at 16.  The plaintiffs believe that the "defendant's repeated delay and failure to produce responsive documents" has allowed it to "unilaterally overturn the [c]ourt's denial of its motion to stay through continued intentional delay." *Id.* at 20.  Accordingly, the plaintiffs believe that they have been prejudiced by the defendant's failure to produce and that sanctions are the appropriate remedy.

In response, the defendant shifted the focus onto the plaintiffs' lack of effort in the discovery process.  Dkt. #102.  The defendant noted that the plaintiffs had not noticed or taken a single deposition in the case and stated that they must "make some specific effort beyond hypothetical and hyperbolic assertions and suggestions to actually determine the facts of CenturyTel's discovery efforts and the completeness of its disclosures." *Id.* at 2.  The defendant further explained that "some 70 CenturyTel employees . . . have spent hundreds of hours in responding to [the plaintiffs'] document production requests." *Ibid.*  The defendant maintained that it has complied and continues to comply with its discovery obligations, given the volume of materials sought and the extended period of time during which the events at issue occurred.

On June 29, 2007, Judge Binder granted in part and denied in part the plaintiffs' motion for sanctions.  Dkt. #110.  Judge Binder referenced this Court's two orders that made clear that

discovery should proceed and his own order that directed the production of various documents in finding that the defendant had failed to obey previous discovery orders in a number of respects. Judge Binder allowed the defendant 120 days to file any appropriate supplements to the plaintiffs' second set of interrogatories and first and third set of requests to produce and declared that the defendant "shall be prohibited from offering any material not produced as evidence in support [of] its defenses" after that period. *Id.* at 3. Judge Binder denied the plaintiffs' request for costs, however, so as not to inflame the professional working relationship between counsel. *Ibid.*

On March 31, 2008, the plaintiffs served notices for depositions under Federal Rule of Civil Procedure 30(b)(6), identifying six topics as the subjects of the depositions. The defendant initially resisted the depositions and sought a stay of discovery. The Court denied the stay but ordered that the depositions take place where the witnesses were located. *See* dkts. # 125, 127. The parties eventually agreed to conduct the depositions during the week of October 20, 2008 at CenturyTel's corporate offices in Monroe, Louisiana.

The depositions were conducted, and according to the transcript excerpts furnished by the parties, some progress was made in deciphering some of the billing records for the "Wire Watch" programs of CenturyTel and its affiliated telephone companies (T-Cos). However, it also is quite clear that the defendant's designated witness were not prepared to respond to the areas of inquiry specified in the Rule 30(b)(6) notices. For instance, CenturyTel was directed to produce a witness that was knowledgeable about the preparation of a certain schedule identified by the parties as "CT0166," which lists revenues, costs and profits of CenturyTel's inside wire maintenance service for each year from 1996 through the first half of 2003. In response, CenturyTel produced Leah Dougan, an accounting manager, who was unable to explain how CT0166 was created, the source

data used to prepare it, the purpose for which it was created, the purpose for which it was used, or the meaning

of the information contained in the schedule.  Pls.' Mot. [dkt #157], Ex. E, Dougan dep. at 11-15. Another topic identified in the Rule 30(b)(6) notice was the procedures utilized by the defendant in conducting searches to gather documents responsive to the plaintiffs' document requests.  The defendant designated John Stangel and Carrick Inabnett to testify on these points.  However, Stangel, the discovery manager for this case, repeatedly claimed a lack of knowledge or memory of the relevant information and admitted to a lack of preparation for these depositions, which had been noticed months earlier.  Pls.' Mot. [dkt #157], Ex. G, Stangel dep. at 23-24, 49-50, 64, 95-108, 155, 217, 226-28.  Although the lawsuit began in 2002, Stangel knew nothing about the discovery that had occurred prior to 2006; he was unfamiliar with the defendant's document (paper and electronic) retention policy; he did not know what was done to gather documents from management; and he could not distinguish documents relating to Wire Watch billings from other services billed under the ambiguous billing descriptions.  Inabnett, a company lawyer, apparently was involved in the litigation prior to Stangel's engagement; but he did not review his files before the deposition, which lead to an inability to answer several questions relevant to the designated topic.  Other witnesses likewise demonstrated a lack of knowledge and preparation when asked questions relevant to the designated topics.  The witnesses also refused to produce copies of documents they used to prepare for the depositions on the ground of work-product privilege.

Consequently, on January 15, 2009, the plaintiffs filed a second motion for sanctions against the defendant for discovery misconduct.  Dkt. #157.  The plaintiffs sought entry of a default judgment against CenturyTel as to damages on count I of their complaint, an order barring

CenturyTel from offering further evidence on the six topics identified in the Rule 30(b)(6) deposition notice, costs in preparing for, attending and conducting the 30(b)(6) depositions and in bringing this motion, and an order compelling CenturyTel to provide answers to the questions its witnesses refused to answer at the depositions and all documents CenturyTel used to prepare its witnesses. The Court referred the motion to Judge Binder for decision.

On April 20, 2009, Judge Binder denied the plaintiffs' motion for sanctions without prejudice, concluding that "while [the defendant] cannot be said to have wholeheartedly cooperated in discovery . . . [the defendant] cannot be said to have engaged in the deliberate obstruction of discovery sufficient to justify the imposition of the most severe sanctions contemplated by Rule 37." Order [dkt #176] at 4. Judge Binder also hesitated to side with the plaintiffs because "none of [his] previous discovery orders (Doc. 76, 110, 125) contained an explicit warning that lack of cooperation will result in the imposition of case-dispositive sanctions." *Ibid.* Lastly, Judge Binder declined to force the defendant to pay for the costs of the depositions because, as noted earlier, he thought that "could so poison the relationship between counsel as to obstruct further discovery." *Id.* at 5.

The plaintiffs filed a timely appeal of the order.

## II.

The district court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where

there are two plausible views, a decision cannot be "clearly erroneous."  *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985).

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides states:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . includ[ing orders] . . . (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  The rule further provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

Courts in this circuit consider four factors in determining whether to impose sanctions under Rule 37(b)(2)(C) for noncompliance with discovery orders.  "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to dismissal is whether less drastic sanctions were first imposed or considered."  *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)).  *Regional Refuse Systems, Inc.* was

superseded by Fed. R. Civ. P. 37(c)(1) in 1993, but its test still applies to cases in which sanctions are brought pursuant to Fed. R. Civ. P. 37(b), dealing with failures to comply with court orders, or Fed. R. Civ. P. 41(b), dealing with involuntary dismissals for failure to comply with the Federal Rules of Civil Procedure. *See Hammons ex rel. Vance v. United States*, No. 98-5488, 1999 WL 455435, at *6 (6th Cir. June 25, 1999).

Although the plaintiffs are seeking default judgment as a sanction, the magistrate judge properly considered that form of relief as equivalent to a dismissal as a discovery sanction. "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Dismissal of a case is appropriate if the plaintiff's failure to respond to discovery ordered by the court manifests "flagrant bad faith" and "callous disregard." *National Hockey League*, 427 U.S. at 642-43. However, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1998)). The Sixth Circuit "has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). "Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed

to achieve compliance." *Ibid.* (citing *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)).

The magistrate judge's determination that a default judgment is not an appropriate remedy, even in light of the defendant's past discovery misconduct, is not clearly erroneous. Judge Binder did not find the defendant's actions to be in "flagrant bad faith" or "callous disregard" that would justify imposing the most severe sanction contemplated by Rule 37 because its discovery efforts have been complicated both by its evolving corporate organization and the plaintiffs' failure to consistently phrase their requests in a "fashion readily understandable by the employees of [the defendant] who are responsible for discovery." Dkt. #176 at 4. The Court cannot conclude that such a conclusion is unjustified by the record. Although the defendant's actions exhibit a pattern of discovery evasiveness, Judge Binder's construction of the evidence is reasonable.

However, Judge Binder also found that the defendant has not "wholeheartedly" complied with the plaintiffs' discovery requests, and he previously found that the defendant had violated discovery orders. Judge Binder did not discuss the plaintiffs' complaints about the lack of preparedness exhibited by the defendant's Rule 30(b)(6) witnesses, their failure to answer questions, their refusal to produce documents, or the expenses incurred by plaintiffs' counsel occasioned by the travel to Louisiana for a week of rather unsatisfying depositions. That dissatisfaction, according to the record, is directly traceable to the defendant's failure to fulfill its obligations under Rule 30(b)(6).

Under Rule 30(b)(6), a corporation must produce knowledgeable and adequately prepared designees to testify to matters known or reasonably known to the corporation. *See United States v. J.M. Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C.1996) (citations omitted). Rule 30(b)(6) requires

all such designees to review all matters known or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and burdensome to review. *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006). Once notified as to the reasonably particularized areas of inquiry, the corporation then "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). If necessary, the deponent must use documents, past employees, and other resources in performing the required preparation. *Heron Interact, Inc v. Guidelines, Inc.*, 244 F.R.D. 75, 77 (D. Mass. 2007). Since Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it, it has been held that the Rule "'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition.'" *T & W Funding Co. XII v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 735 (D. Kan. 2002) (quoting *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001)).

The defendant's witnesses lacked knowledge in many of the designated areas and otherwise were ill-prepared. Judge Binder failed to discuss these breaches in the context of the plaintiffs' request for alternative sanctions. Under Rule 37(b)(2)(C), the magistrate judge certainly has discretion to refrain from imposing costs; however, such forbearance generally must be based on "substantial justifi[cation]" or "circumstances [that] make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The determination that imposition of a cost award would "poison" the relationship, in light of the difficult discovery history in this case, is not a good reason for failure to address these discovery abuses; it amounts to neither substantial justification nor injustice.

Rather, the Court finds clear error from the absence of a reasonable explanation.  *See Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) (vacating order denying expenses under Rule 37 because "the district court's failure to explain why it refused to award expenses leaves us no basis to determine whether that ruling was an abuse of discretion").  Moreover, sanctions under the Federal Rules of Civil Procedure serve not only to compensate an aggrieved party, but also act "to deter those who might be tempted to such conduct in the absence of such a deterrent."  *National Hockey League*, 427 U.S. at 643; *see also Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 399-400 (6th Cir. 2009) (applying Rule 11 sanctions).

The Court believes that compensating the plaintiffs' attorneys for their travel expenses would provide adequate compensation and a sufficient deterrence under the present circumstances.  The Court does not believe that compensation for attorney preparation time is warranted, since that time would have to be expended in any event, and it may be applied to further discovery efforts in the case.

It is not apparent at this stage of the case whether additional discovery will be required by the plaintiffs, or if they have obtained the information denied them at the depositions that occurred last spring in Monroe, Louisiana.  One of the issues raised by the present motion – the production of documents used by the Rule 30(b)(6) witnesses to prepare for the depositions – has been addressed by this Court in a prior order.  *See* Dkt. #231 at 2-4.  However, it may be necessary for the plaintiffs to re-take the Rule 30(b)(6) depositions to obtain the information on the six topics that was denied them last time.

Accordingly, it is **ORDERED** that the plaintiffs' objections to the magistrate judge's order denying the last motion for sanctions [dkt # 179] are **GRANTED in part and DENIED in part**.

It is further **ORDERED** that the defendant must reimburse plaintiffs' counsel for their travel and lodging expenses for attending the depositions in Monroe, Louisiana on October 19-24, 2008.

It is further **ORDERED** that the plaintiffs may re-take the depositions under Rule 30(b)(6) to obtain information on the six topics, which was not disclosed at the earlier depositions.  In the event the depositions are re-noticed, the defendant must produce the witnesses in this district.

It is further **ORDERED** that the motion for sanctions [dkt #157] is **DENIED** in all other respects.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 16, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 16, 2009.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO

---

-14-