UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRASUE BEATTIE and JAMES SOVIS,
on behalf of themselves and others similarly
situated,

Case Number 02-10277
Honorable David M. Lawson

Plaintiffs,

v.

CENTURYTEL, INCORPORATED,

Defendant.
_____/

# ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND PLAN OF ALLOCATION AND DISMISSING CASE

Pursuant to notice, the Court conducted a fairness hearing on June 28, 2010 to determine whether a settlement agreement should be given final approval on behalf of the certified class in this matter. The Federal Rules of Civil Procedure require court approval of settlements in class actions. Fed. R. Civ. P. 23(e). Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Rule 23(e)(2) states that "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." As a part of this process, "[a]ny class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval." Fed. R. Civ. P. 23(e)(5). The approval of a proposed settlement ordinarily involves a two-stage procedure. "First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation. . . . Once the judge is satisfied as to the . . . results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class

members." Manual for Complex Litigation § 23.632-.633 (4th ed.); *see also Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565 (6th Cir. 2001).

On March 10, 2010, the Court granted preliminary approval of the settlement agreement under Federal Rule of Civil Procedure 23(e) and directed that a written notice to the class be given by March 31, 2010, and a publication notice to the class be given by April 14, 2010. Plaintiffs' counsel proposed to retain Epiq Systems, Inc. of Beaverton, Oregon as the agent of the named plaintiffs and class counsel to give notice in the manner approved by the Court, and ultimately to administer the settlement, process claims, and make distributions. The Court approved the retention of Epiq Systems, Inc. as the settlement administrator, reserving, however, the determination of the administrator's fees until the settlement fund has been distributed.

Under the order preliminarily approving the class settlement, absent class members were given until June 14, 2010 to opt out of the settlement or file objections. Epiq Systems' Settlement Administrator Cameron R. Azari has certified that as of June 18, 2010, at least 157,533 class members have received Notice and Claim Form Packets, and as of April 21, 2010, the notice by publication was provided in accordance with the provisions of the Court order in all but two newspapers, which missed the publication deadline through no fault of the administrator.

As of the date of the hearing on the final approval of the settlement on June 28, 2010, no class member objected to the terms of the proposed settlement and only 55 members requested to be excluded from the class. Of those, the administrator reported that 23 of the opt-out requests are complete and valid, but 22 are incomplete because they failed to meet one or more of the requirements set forth in the notice of settlement. However, the parties agreed at the hearing that all 55 opt-out requests should be honored. No absent class member has requested an opportunity

to address the Court regarding the settlement at the final fairness hearing. Epiq represents that as of June 18, 2010, it received 39,156 claim forms, although the deadline for filing claims is not until August 13, 2010.

As noted in the order preliminarily approving the settlement, the terms of the settlement agreement call for cash payments to individual class members from the settlement fund of $13 million established by the defendant. The settlement creates two different categories of claims, denominated as Category A and Category B. Category A is comprised of claims that arose between October 29, 2000 and January 31, 2002 and therefore are not subject to a statute of limitations defense. Category B comprises claims that arose between January 1, 1987 and October 28, 2000 and therefore are subject to the potential statute of limitations defense. The net settlement fund will be allocated in a manner that, if possible, will pay Category A claims in full. Category B Claims will be paid in full or at a discounted amount, depending on the number and dollar amount of claims received. According to the terms of the settlement, even those class members who are not identified in CenturyTel's records may submit either Category A or Category B claims if they file substantiating information that verifies their status as class members and their entitlement to the claims by, for example, filing a valid claim under the penalty of perjury. The parties contemplate that most class members will have both Category A and Category B claims. The settlement fund distributed to the class members will be reduced by the banner awards paid to the two named plaintiffs in the amount of $7,500 each, the costs of suit (which include the costs of providing notice to the class and administering the settlement), and the attorney's fees, all in the amounts to be approved by the Court.

At the fairness hearing, no one raised any objections to the settlement or appeared in opposition. After hearing a presentation by counsel, the Court made findings on the record, addressing the factors set forth in *International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), which are "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Ibid.* The Court found on the record that the likelihood of collusion or fraud was nil; the case is complex and has been pending since 2002, and a trial would probably be protracted; the parties engaged in extensive discovery; the plaintiffs have prevailed on liability during pretrial motions, but proof of damages to absent class members could be complex and the settlement is designed to pay most claims at the rate of 100%; class counsel and the named plaintiffs strongly urge approval of the settlement; absent class members are silent in opposition; and the interest of the public is served when consumer class actions successfully redress claims of small value that otherwise would not justify the costs of extended federal litigation. The Court concluded, therefore, that the settlement was fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2).

Accordingly, it is **ORDERED** that the plaintiffs' motion for approval of settlement and plan of allocation [dkt. # 259] is **GRANTED** for the reasons stated on the record.

It is further **ORDERED** that the settlement agreement and plan of allocation is **APPROVED**.

It is further **ORDERED** that the 55 individuals who sent requests for exclusion from the class are hereby deemed excluded from the class and are not bound by, nor may they participate in, the class settlement.

It is further **ORDERED** that Epiq Systems, Inc. of Beaverton, Oregon is **APPOINTED** as the administrator of the settlement fund. The administrator shall receive, disburse, and account for the settlement proceeds as provided by the formula for distribution of the settlement fund set forth in the settlement agreement. Class Counsel shall provide and file with the Court and the defendants a report setting forth the proposed distribution of all funds paid by the defendants as called for in the settlement agreement upon completion of the evaluation of the requests for payment received from class members. After final distribution, class counsel shall file with the Court a certificate that the settlement fund has been disbursed according to the plan, or that funds remain undistributed, as the case may be.

It is further **ORDERED** that banner awards in the amount of $7,500 each are approved for and may be distributed to the named plaintiffs, Barbrasue Beattie and James Sovis.

It is further **ORDERED** that disbursements from the settlement fund for the costs of suit, including the costs of providing notice to the class and administering the settlement, and attorney's fees for class counsel shall not be made except upon further order of the Court.

It is further **ORDERED** that this action is **DISMISSED WITH PREJUDICE**; provided, however, that this Court retains jurisdiction over all matters relating to the administration of the settlement agreement, including allocation and distribution of the settlement fund.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 9, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 9, 2010.

                                        s/Susan K. Pinkowski
                                        SUSAN K. PINKOWSKI